GENERAL COMMODITIES CORPORATION, Ltd., a corporation, William H. Heen, Thelma Akana, also known as Thelma Akana Harrison, and Ernest K. Kai, Appellants,

v.

HYMAN–MICHAELS COMPANY, a corporation, Appellee.

No. 13625.

United States Court of Appeals Ninth Circuit.

Aug. 15, 1955.

Frederick L. Hewitt, Dudley Harkleroad, San Francisco, Cal., Robert Gray Dodge, Honolulu, Hawaii, for appellants.

Philip S. Ehrlich, Albert A. Axelrod, R. J. Hecht, Irving Rovens, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HASTIE and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

Heen, Akana and Kai appeal from an order of the district court in a diversity suit, requiring them to submit to arbitration, under 9 U.S.C. § 4, claims against them arising from a contract with Hyman-Michaels, which the latter contends imposed on them a personal liability for the debts of General Commodities Corp.

The appellants had refused to arbitrate and contend, inter alia, that the contract shows on its face that it created no personal liability in them for General Commodities' debts and hence, there being nothing to arbitrate, Hyman-Michaels is not a "party aggrieved" under 9 U.S.C.

§ 4 [1] by their refusal to become parties to the arbitration.

General Commodities Corporation entered into a contract to sell heavy construction equipment then located in the South Pacific to the Hyman-Michaels Company, the appellee. This contract contained an arbitration clause. Several agreements were later entered into transforming the arrangement into a joint venture to sell or lease the equipment in the United States. These were modifications of the original contract and the arbitration clause continued in force. Hyman-Michaels Company was to manage the operation and make advance payments to General Commodities. The three appellants were officers, directors and stockholders of the latter corporation but then had no liability for its debts.

However, before Hyman-Michaels made any such payments, it sent a cablegram to the directors and officers of General Commodities Corporation on June 18, 1948, asking them to bind themselves individually to become obligated to pay the corporate debts. These individuals were by this cablegram requested to cable back to Hyman-Michaels the following undertaking: "We hereby ratify, confirm and approve all of the terms of said contracts and *individually*, jointly and *severally* agree to be bound by all of the provisions thereof. * * *" Appellants did not accept this proposal but on June 18, 1948 sent a cablegram to Hyman-Michaels reading:

"We hereby ratify, confirm and approve all of the terms of said contract and *as its officers, stockholders and directors agree* to be bound by all of the provisions thereof and will perform all of the terms and conditions that are required to be performed *on our part as officers, directors and stockholders* of GECOCO so

1. "A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any court of the United States which, save for such agreement, would have jurisdiction under the judicial code at law, in equity, or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

far as they relate to any transaction involving in said contracts stop. *It is the meaning of the above that it shall apply only so long as undersigned remain as such officers, directors and stockholders* and if no longer such * * * undersigned agree individually they will not directly or indirectly procure any equipment covered by above contracts for themselves or others." [Emphasis added.] [2]

Hyman-Michaels contend this proposal was accepted by their making further advances of funds to General Commodities, and for purposes of this appeal we assume the advances constitute an acceptance.

The claimed corporate obligation of the General Commodities to Hyman-Michaels is of a time subsequent to the contract of appellants' cable of June 18, 1948. Appellants contend the district court should have construed the contract as creating no liability in them for the corporate debt, if any, and hence there was no ground to require *them* to become parties to an arbitration proceeding respecting that debt. This the district court refused to do but ordered them as individuals, as well as Hyman-Michaels, to become parties to the arbitration.

We think that the contract of appellants' cablegram of June 18 shows on its face that appellants assumed no personal liability for Commodities' obligations. In direct contrast to the cablegram to them on that date which sought their liability for the corporate debts under the terms of the several existing contracts "individually * * * and severally" their cablegram stated only that they "as *its officers, stockholders and directors* agree to be bound by all the provisions thereof and will perform all the terms and conditions thereof that are required to be performed on our part *as officers, directors and stockholders* of GE-COCO."

The only rational construction of the above language is that it does not create a personal liability in appellants for the corporate debt. The succeeding provision respecting the conduct of the appellants after ceasing to be officers, directors and stockholders is to prevent them from using their knowledge of the place of existence, in the South Pacific, of the heavy construction equipment which the joint venture of the two corporations agreed to sell to the United States and purchasing the equipment *individually* and selling it in the United States, thus depriving the joint venture of a source of its profits.

We hold that, since Hyman-Michaels is not a party aggrieved, it is not entitled to have the district court order compelling appellants Heen, Akana and Kai to become parties to the arbitration.

█ Prior to the filing of the petition for arbitration General Commodities Corp. had been dissolved for non-payment of taxes under the provisions of the Hawaiian law. Sections 8353 and 8354, Revised Laws of Hawaii, 1945. Hence Hyman-Michaels was not a "party aggrieved" entitled to compel General Commodities to submit to arbitration.

The order is reversed and the petition for arbitration is ordered dismissed.

---

2. Individual appellants Heen, Kai and Akana sold their stock and resigned from corporate office two months later.